Sisira KUMARASINGHE, Jayasanka Kumarasinghe, Anula Ratnayake, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–4247.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Visuvanathan Rudrakumaran, Law Office of Visuvanathan Rudrakumaran, New York, NY, for the Petitioners.

Andrew M. McNeela, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney), New York, NY, for the Respondent, of counsel.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. WILLIAM H. PAULEY III,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the decision of the Board of Immigration Appeals be, and it hereby is, DENIED.

Petitioner Sisira Kumarasinghe, together with his wife Anula Ratnayake and their son, Jayasanka Kumarasinghe, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision of Immigration Judge ("IJ") Sarah M. Burr denying his petition for political asylum, withholding of removal, and voluntary departure.

The IJ concluded that although Kumarasinghe's claims of past persecution are credible, Kumarasinghe does not have a reasonable fear of future persecution because—since the time he left Sri Lanka more than a dozen years ago—circumstances in that country have changed. As Kumarasinghe himself concedes, the United National Party ("UNP"), whose supporters Kumarasinghe contends persecuted him, no longer dominates the national government. Instead, the Sri Lankan Freedom Party ("SLFP") with which Kumarasinghe was affiliated holds the presidency and is the leading member of the country's coalition government.

Kumarasinghe's principal argument on appeal is that the IJ rendered an insufficiently individualized determination that circumstances in Sri Lanka have changed

---

* The Honorable William H. Pauley III, United States District Judge for Southern District of New York, sitting by designation.

to rebut the presumption that Kumrarasinghe's past persecution gives rise to a well-founded fear of future persecution. *See Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003) (describing the presumption). While Kumarasinghe acknowledged before the BIA that the SLFP "is the principal component party of the governing ... coalition," a fact that he conceded "undermines [his] well-founded fear of future persecution," he argued that "the IJ erred by taking that statement out of context, because the very next line in the [State Department] report [on conditions in Sri Lanka] states that historically the UNP party has alternated in power with the Sri Lanka[n] Freedom Party." Kumarasinghe contends that the State Department report is silent on the issue of continuing persecution of SLFP members, and that notwithstanding the SLFP's rise to power, UNP supporters remain in positions of authority, with the power to harm SLFP activists.

This Court reviews the BIA's factual findings for "substantial evidence." *Qiu*, 329 F.3d at 148 (citations omitted). "[W]e will 'not reverse the BIA simply because we disagree with its evaluation of the facts.'" *Id.* at 149 (citation omitted). "Rather, 'administrative findings of fact are conclusive unless *any* reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Id.* (citation omitted, emphasis added).

The facts before us provide *no* basis to conclude that petitioner has met that high threshold. It is true, as Kumarasinghe contends, that "[a]bstract 'changed country conditions,' do not automatically trump the specific evidence presented by the applicant." *Fergiste v. I.N.S.*, 138 F.3d 14, 19 (1st Cir.1998). Here, however, neither Kumarasinghe nor the State Department report identifies any credible basis for concluding that former SLFP activists remain subject to acts of revenge by UNP members.

While the State Department report acknowledges that "[v]iolence at political rallies sometimes occurs," it also specifically notes that "[t]he Government generally respect[s] the human rights of its citizens in areas not affected by [Sri Lanka's Tamil] insurgency." Kumarasinghe and his wife, meanwhile, testified that they were informed in telephone conversations with relatives in Sri Lanka that Kumarasinghe's former persecutors "are still ... taking revenge on people." Yet Kumarasinghe presented *no corroboration of this self-interested testimony, and no evidence that the government is powerless to stop such alleged revenge acts. Moreover, Kumarasinghe conceded that the political ascendance of the SLFP "undermines [his] well-founded fear of future persecution."

While the evidence presented by both sides was thus meager, it was sufficient for the IJ to conclude that "[t]here is no evidence that members of [the SLFP] are targeted." The IJ's finding cannot be said to be such that "any reasonable adjudicator would be compelled to conclude to the contrary."

We have considered the petitioner's remaining arguments and we find them to be without merit.

For the foregoing reasons, the petition for review of the decision of the Board of Immigration Appeals is hereby DENIED.